ALD-143                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1448
_____

IN RE: EUPHREM KIOS DOHOU,
                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to 3:16-cr-00065-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 8, 2020

Before: MCKEE, GREENAWAY, JR., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 21, 2021)
_____

OPINION[*]
_____

PER CURIAM

    Euphrem Kios Dohou filed a pro se petition for a writ of mandamus seeking to

compel the United States District Court for the Middle District of Pennsylvania to

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

comply with our decision in United States v. Dohou, 948 F.3d 621 (3d Cir 2020). For the following reasons, we will deny the mandamus petition.

In September 2015, an Immigration Judge ordered Dohou removed to Benin based on an aggravated felony conviction. He did not appeal to the Board of Immigration Appeals or file a petition for review in a court of appeals. Dohou repeatedly resisted federal agents' efforts to take him to the airport for removal. Consequently, a grand jury indicted him for hindering his removal. Dohou moved to dismiss the indictment, arguing that the notice to appear failed to include a date and time for his removal hearing and that the attorney who represented him in the removal hearing provided ineffective assistance of counsel. The District Court denied the motion, holding that, because Dohou had been convicted of an aggravated felony, 8 U.S.C. § 1252(a)(2)(C) deprived it of jurisdiction over his collateral attack on the removal order. Following a bench trial in November 2018, Dohou was found guilty and sentenced to time served. Dohou appealed.[1]

We held that the District Court had jurisdiction over Dohou's collateral attack, vacated the District Court's judgment, and remanded for factfinding on Dohou's ineffective assistance claim.[2] See Dohou, 948 F.3d at 625-29. In particular, we directed the District Court to "find facts and decide whether Dohou's immigration lawyer

---

[1] While the appeal was pending, Dohou was removed to Benin.

[2] We also concluded, however, that Dohou's challenge to the notice to appear was foreclosed by our decision in Nkomo v. Attorney General, 930 F.3d 129 (3d Cir. 2019). See Dohou, 948 F.3d at 627.

provided ineffective assistance, making his removal order (and thus his criminal prosecution based on it) fundamentally unfair. It must also consider whether the statute requires exhaustion, whether prudentially to require exhaustion, and if so whether that violation was clear enough to excuse prudential exhaustion." Id. at 629.

On remand, the District Court ordered the parties to file written submissions "setting forth their respective positions on how this action should proceed …." (ECF 118.) In response, the Government filed a motion to dismiss the indictment under Federal Rule of Criminal Procedure 48(a), citing as grounds for dismissal Dohou's removal, "the reasons underlying [his] applicability for removal (a prior serious felony drug trafficking conviction)[,] and the inability of the United States to proceed on the record as it stands." (ECF 119.) The next day, April 3, 2020, the District Court granted the Government's motion and dismissed the indictment. (ECF 120).

Dohou took no further action in the case until March 2021, when he filed a petition for a writ of mandamus, asking us to direct the District Court to "execute the terms of the panel's mandate as ordered." Mandamus Pet., 2. In particular, Dohou wants us to order the District Court to find facts concerning his claim that his attorney provided ineffective assistance during the removal proceedings. But the basis for the District Court's jurisdiction over Dohou's challenge to the validity of his removal proceedings pursuant to 8 U.S.C. § 1252(b)(7)(A) was erased when the District Court granted the Government's motion to dismiss the indictment. Thus, Dohou has not demonstrated a

3

clear and indisputable right to issuance of the writ, see Hollingsworth v. Perry, 558 U.S. 183, 190 (2010), because, under these circumstances, we cannot "confine the [District Court] to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (internal citation and quotation omitted).

For the foregoing reasons, we will deny the petition for writ of mandamus.